UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYN INGRAM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRINDERSON, L.P., et al.,<br><br>Defendants. | CASE NO. C18-1236JLR<br><br>ORDER TO SHOW CAUSE REGARDING DIVERSITY JURISDICTION |

Before the court is Defendants Brinderson, LLC, formerly known as Brinderson, L.P. ("Brinderson"), Michael Nolan, and Jane Doe Nolan's (collectively, "Defendants") notice of removal. (*See* Not. of Rem. (Dkt. # 1).) Plaintiffs Daryn Ingram and Tamara Ingram filed state law causes of action against Defendants in the Washington State Superior Court for Skagit County. (*See* Compl. (Dkt. # 1-2).) Defendants removed the case to this court on August 21, 2018. (*See* Not. of Rem.) The court has reviewed the complaint, the notice of removal, and Defendants' corporate disclosure statement (CDS (Dkt. # 10)) and finds that Defendants have failed to provide an adequate basis for subject

ORDER - 1

matter jurisdiction over this action. The court therefore orders Defendants to serve and file within fourteen (14) days of the date of this order a submission providing the following information:

Defendants assert that the court's jurisdiction is based on diversity of citizenship. (*See* Not. of Rem. ¶¶ 6-12 (citing 28 U.S.C. § 1332(a)).) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a). The removal statute is strictly construed against removal jurisdiction, and a removing defendant bears the burden of establishing grounds for federal subject matter jurisdiction in the case. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Defendants allege that Brinderson is "a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1) because it is a limited liability company organized under the laws of the State of California, whose principal place of business is also California." (Not. of Rem. ¶ 9.) Defendants explain in their corporate disclosure statement that "Brinderson is a wholly owned subsidiary of Aegion Energy Services, Inc. ("AES"). AES is a wholly owned subsidiary of Aegion Holding Company, LLC ("AHC"). AHC is a wholly owned subsidiary of Aegion Corporation, which is a publicly traded corporation." (CDS at 1.) Defendants, however, fail to allege the domicile of Brinderson's members. (*See id.*; *see also* Not. of Rem. ¶¶ 1-15.) Absent allegations of all of Brinderson's members, the court cannot determine whether Defendants have properly invoked the court's subject matter jurisdiction.

Accordingly, the court ORDERS Defendants to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. If Defendants fail to provide the court with the information described above within fourteen (14) days of the date of this order, the court will remand this action to state court. Plaintiffs may, but are not required to, respond to the court's order to show cause within the same timeframe.

Dated this 19th day of September, 2018.

JAMES L. ROBART
United States District Judge